UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JULIUS SIMMONS,            )
                           )
       Plaintiff,          )
                           )
vs.                        )      Case No. 4:01CV1670 CDP
                           )
STEPHEN DODGE,             )
                           )
       Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's and defendant's motions for summary judgment. Because I find that defendant has willfully and without legitimate excuse failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court, I will strike the defense of qualified immunity and I will deny defendant's motion for summary judgment. I enter this ruling as a sanction, and I have not, and will not, consider the merits of the defense or the motion. I will also deny plaintiff's motion for summary judgment. By separate order, I will set this case for jury trial.

### Background

Plaintiff, who is currently incarcerated in the Missouri prison system, filed this lawsuit in October of 2001, asserting an excessive use of force claim under 42 U.S.C. § 1983. He initially named as defendants the St. Louis Police Department,

the City of St. Louis, and the two police officers who arrested him. I dismissed the claims against the City and the Department as frivolous and allowed the claims against the two officers to proceed by order dated January 3, 2002. On March 8, 2002, attorney Michael Hughes of the St. Louis City Counselor's office filed an answer on behalf of the defendant officer Steven Dodge. I later dismissed the action against the other police officer because he was deceased.

On May 22, 2002, I entered the first Case Management Order in the case, and set the case for trial. In that order I directed the parties to exchange initial disclosures[1] by June 21, 2002. Plaintiff later moved to amend the schedule and so, on June 19, 2002, I extended the deadline for providing initial disclosures to August 21, 2002. I also set a discovery deadline of October 21, 2002 and a deadline for filing motions for summary judgment of November 25, 2002.

Defendant missed all the deadlines, and apparently did nothing to prepare this case or even attempt to comply with the Case Management Order. Plaintiff filed a motion for summary judgment on October 2, 2002, seeking summary judgment as a sanction for defendant's failure to produce initial disclosures or

---

[1] The initial disclosures required by the Case Management Order in prisoner cases are a simplified form of the disclosures required under Rule 26(a)(1), which have been modified to avoid disclosure of unnecessary or sensitive information that might cause a security problem in a prison.

respond at all to plaintiff's discovery. Defendant did not bother to respond to the motion, nor did he file any dispositive motions by the November 25, 2002 deadline.

Finally, on January 3, 2003, I ordered defendant to show cause why I should not grant plaintiff's motion for summary judgment as a sanction for his failure to comply with the provisions of my Case Management Order. That apparently got counsel's attention, because he finally filed something with the court. Defendant argued that summary judgment should be denied on the merits and contended that summary judgment was an unwarranted sanction for his failure to respond to discovery.

To persuade me not to sanction his client, Michael Hughes filed an affidavit blaming his inattention to this case on his enormous workload. Hughes then assured me that, although he missed all of the deadlines in this case, he will "make sure it doesn't happen again in this case or other cases." Despite this testimony, Hughes inexplicably then filed a motion for summary judgment that was three months past the deadline, without even seeking leave of court to do so. The documents attached to his affidavit showed that he finally provided initial disclosures and discovery at the same time, some five months late. Hughes essentially says that he has been too busy to pay attention to this case or to comply

with the rules or the Court's orders.

Sanctions are appropriate for defendant's behavior. Counsel's cavalier attitude about the case, the Court's orders, and the Rules of Civil Procedure shows disrespect for our system of justice. If lawyers are "too busy" to follow the rules in a case, then they should not take on the case. Case Management Orders are issued and rules exist to provide a system that is fair to both sides, and for the system to work both sides must follow the rules. This is especially true in a case like this where the plaintiff is a prisoner and is representing himself. How can the Court expect pro se prisoners to follow the rules if licensed attorneys repeatedly demonstrate that they do not believe they need to do so? How can an "outsider" to the system, e.g., a non-lawyer such as plaintiff, be expected to show respect to the system of justice when the licensed participants in the system refuse to do so? Sanctions are appropriate in this case. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir. 2001) ("It is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel. It is of no consequence when the abuses are perpetrated by counsel, rather than the client.") (internal citations omitted).

After careful review, I believe that an appropriate sanction is to strike the defense of qualified immunity and to deny the defendant's summary judgment

motion. See, Fed. R. Civ. P. 16(f) (the trial court, on its own initiative, has discretion to sanction a party for failing to obey scheduling and pretrial orders and may strike designated defenses or claims); Nick v. Morgan Foods, Inc., 99 F. Supp. 2d 1056, 1060 (E.D. Mo. 2000) (discussing cases upholding court's inherent power to sanction parties for violating its orders).  I do not believe that granting summary judgment in favor of plaintiff is an appropriate sanction.  There are factual disputes in this case regarding the amount of force used during plaintiff's arrest, and although the defendant admits striking plaintiff with his night-stick, for which plaintiff required medical attention, defendant argues the force was justified.  Rather than struggle with the difficulties of qualified immunity, which appears to be a very close question in this case, I will simply strike the defense and deny summary judgment, and we will submit the case to the jury on the merits.

I have considered lesser sanctions and reject them as insufficient.  This is not the first case in which this Court has had similar behavior from the St. Louis City Counselor's office.  In fact, it is an unfortunately common occurrence from this particular law office, which practices frequently before this federal court.  In earlier cases where similar problems have occurred I have tried lesser sanctions.  For example, I have on numerous occasions held hearings and required explanations on the record, and issued oral reprimands; I have required the City

Counselor to personally respond to allegations that her subordinates have violated Court orders and the Rules, and she has assured me that this type of behavior would not occur again; I have denied leave to file summary judgment motions when they were filed after the deadlines in the Case Management Orders; at least once I have ordered an Assistant City Counselor to circulate my order regarding his misconduct to all other lawyers in the office who appear in federal court. Obviously, none of those sanctions have had any deterrent effect.[2] I believe that the sanction ordered here fits the misconduct.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#26] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [#33] is denied.

**IT IS FURTHER ORDERED** that defendant's defense of qualified immunity is stricken as a sanction, and will not be considered on the merits.

---

[2]Other judges of this Court have had similar problems. For example, on January 15, 2003, Judge Noce required defendants represented by Michael Hughes and the City Counselor's office to pay attorney's fees incurred in connection with prosecuting a motion to compel initial disclosures in a Section 1983 case. See Larry Lee Coleman-Bey v. William Ziph, et al., Case Number 4:00CV1854 DDN.

The case will be set for jury trial by separate order. Plaintiff must continue to represent himself, but the Clerk of Court will prepare the necessary Writ to allow him to be brought to court for trial.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2003.

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 01/28/03 by ldreon
4:01cv1670    Simmons vs St Louis City Police

42:1983 Prisoner Civil Rights

IF THIS IS A FINAL JUDGMENT YOU MUST SEND THE APPEAL PROCESS LETTER AND AN APPEAL PACKET TO PLAINTIFF.

Michael Hughes -  7730             Fax: 314-622-4956

Julius Simmons -
Reg #309496
South Central Correctional Center
SCCC
255 W. Highway 32
Licking, MO  65542

SCANNED & FAXED BY

JAN 28 2003

KH